IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                        CRIMINAL ACTION NO. 2:08-cr-00232-1

JOSHUA CHAVERS

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Joshua Chavers' Motion for
Compassionate Release. [ECF No. 75]. The court, in deciding such motions, will
consider the following: whether the defendant has exhausted his or her
administrative remedies, has demonstrated "extraordinary and compelling reasons,"
and the § 3553(a) factors. In deciding what constitutes "extraordinary and compelling
reasons" for release by reason of COVID-19, a defendant must demonstrate that he
or she has a medical condition listed by the Centers for Disease Control and
Prevention as causing an increased risk of severe illness from COVID-19 and that he
or she is at a facility which cannot effectively prevent the spread of the virus.

I.     BACKGROUND

On July 20, 2009, I sentenced Mr. Chavers to 262 months of imprisonment
followed by 5 years of supervised release after he pleaded guilty to knowingly using,
carrying, and discharging a firearm in relation to a drug trafficking crime in violation

of 18 U.S.C. § 924(c)(1)(A)(iii). [ECF No. 45]. During the commission of that crime, a weapon held by Mr. Chavers discharged while he was being chased by police. [ECF No. 42 at 10].

Mr. Chavers is currently imprisoned at Federal Correctional Institution ("FCI") Phoenix in Phoenix, Arizona. He alleges he suffers from asthma. [ECF No. 75 at 4]. FCI Phoenix is a medium security prison with an adjacent satellite camp that currently houses 1,035 total inmates. *FCI Phoenix*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/phx (last visited February 17, 2021). As of February 17, 2021, there are 2 active cases among prisoners and 12 active cases among staff at FCI Phoenix. *See COVID-19 Cases*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited February 17, 2021).

## II.   DISCUSSION

The First Step Act "embodies Congress's intent to reduce the Bureau of Prison's authority over compassionate release petitions and authorizes the district courts to exercise their independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Galloway*, No. CR RDB-10-0775, 2020 WL 2571172, at *3 (D. Md. May 21, 2020) (internal citations removed); *see also United States v. Stephenson*, No. 3:05-CR-00511, 2020 WL 2566760, at *5 (S.D. Iowa May 21, 2020) ("Unqualified deference to the BOP no longer makes sense now that the First Step Act has reduced the BOP's role.").

For me to reduce Mr. Chavers' sentence under compassionate release, I must

find that he has exhausted his administrative remedies, has demonstrated "extraordinary and compelling reasons," is not a danger to the safety of others, and find that his release is consistent with § 3553(a) factors. *See e.g., United States v. Howard*, No. 4:15-CR-00018-BR, 2020 WL 2200855, at *2 (E.D.N.C. May 6, 2020); U.S.S.G. § 1B1.13 (2018). As I will explain, to find "extraordinary and compelling reasons" exist by reason of COVID-19, Mr. Chavers must demonstrate that he has a medical condition listed by the Centers for Disease Control and Prevention ("CDC") as causing an increased risk of severe illness from COVID-19 and that he is at a facility which cannot effectively prevent the spread of the virus.

### a) Exhaustion of Administrative Remedies and Section 3582(c)(1)(A)

The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). But before they make such requests, defendants must ask BOP to do so on their behalf and then wait 30 days. *See* § 3582(c)(1)(A). Upon such a motion from BOP or from a defendant (after BOP denies the request or thirty days have elapsed since the request was filed), a court "may reduce the term of imprisonment. . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. McCoy*, 981 F.3d 271, –75(4th Cir. Dec. 2, 2020).

Mr. Chavers included with his motion a copy of his administrative request for compassionate release. [ECF No. 75 at 1]. That request was filed on November 22, 2020, and was denied by FCI Phoenix's warden on December 17, 2020. Because more than thirty days have passed since Mr. Chavers sent his initial request

to the warden, I find that he has exhausted his administrative remedies. As such, I now turn to whether Mr. Chavers has alleged extraordinary and compelling reasons that would justify compassionate release.

### b) Extraordinary and Compelling Reasons

Once an inmate has satisfied administrative exhaustion, a court may reduce his sentence upon a finding of "extraordinary and compelling reasons." *See* 18 U.S.C. § 3582(c)(1)(A).

There are "disagreements [among district courts] about the precise definition of 'extraordinary and compelling reasons' justifying compassionate release."[1] *United States v. Cotinola*, No. 13-CR-03890-MV, 2020 WL 2526717, at *3 (D.N.M. May 18, 2020). But the United States Court of Appeals for the Fourth Circuit has clarified that district courts are not bound by the enumerated extraordinary and compelling reasons listed in Guidelines § 1B1.13 because the Guidelines have not been updated since the passage of the First Step Act. *McCoy*, 981 F.3d at 284. ("As of now, there is no Sentencing Commission policy statement 'applicable' to the defendants' compassionate-release motions, which means the district court need not conform . . . to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction."). "District Courts are 'empowered . . . to consider

---

[1] The specific extraordinary and compelling reasons listed in the Sentencing Guidelines for BOP to consider include i) the defendant is suffering from a terminal or serious medical condition; ii) age of defendant; iii) family circumstances of defendant; and iv) "other reasons." U.S.S.G. § 1B1.13; *United States v. Bass*, No. 1:10-CR-166 (LEK), 2020 WL 2831851, at *3–4 (N.D.N.Y. May 27, 2020).

*any* extraordinary and compelling reason for release that a defendant might raise.'"

*McCoy*, at *9 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

I have joined other courts in holding that I cannot find that "extraordinary and compelling" reasons exist to grant release because of COVID-19 unless the inmate has a condition that makes him or her more at risk for developing a serious illness from COVID-19 *and* the facility where the inmate is housed has conditions such that its inmates are at a high risk of contracting COVID-19. *See United States v. Raia*, 954 F.3d 594, 594 (3d Cir. 2020) ("But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ."); *United States v. Penaloza*, No. 19-238, 2020 WL 1555064, at *2 (D. Md. Apr. 1, 2020) ("[T]he mere presence of the virus, even in the detention setting, does not translate to the release of a person accused."). In deciding which conditions result in an inmate being at higher risk for COVID-19, I will defer to CDC's list of medical conditions causing an increased risk of severe illness from COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 17, 2021).

Mr. Chavers has alleged that he has asthma. Asthma is not one of the conditions that are known to cause an increased risk of severe illness or death from COVID-19 according to the CDC. Even if Mr. Chavers' condition did put him at a higher risk for serious illness from COVID-19, I cannot find that Mr. Chavers has alleged that the conditions at FCI Phoenix are such that BOP cannot effectively

prevent the spread of COVID-19. The low number of active cases among inmates at FCI Phoenix tends to demonstrate that the BOP can control the spread of COVID-19 at that prison. The only detail that Mr. Chavers provides about FCI Phoenix is that inmates may not report themselves feeling sick for fear of ridicule and anger from their fellow inmates, because reporting sick will cause the prison to go into a lockdown. [ECF No. 75 at 4]. This detail demonstrates that FCI Phoenix officials take the threat of an outbreak seriously and respond to positive tests with decisive quarantine measures. Despite Mr. Chavers' argument that COVID-19 is hard to contain and manage in a prison setting, the First Step Act calls for an assessment of Mr. Chavers' conditions, not an assessment of prisons generally. While Mr. Chavers' fears that he may contract COVID-19 are understandable, fears alone do not rise to the level of extraordinary and compelling reasons.

Finally, I note that Mr. Chavers' crime of conviction involved a firearm. Specifically, Mr. Chavers accidentally discharged a concealed .22 handgun while being chased by police. [ECF No. 42 at 10]. I said at the time of his sentencing that both the pursuing officer and Mr. Chavers were lucky to avoid a tragic injury or death because of Mr. Chavers' wanton behavior. Mr. Chavers has a history of firearms related offenses. He has numerous prior convictions, including terroristic threats, possession with attempt to distribute cocaine base, carrying a firearm without a license, and simple assault. The most disturbing thing about Mr. Chavers' criminal history is his tendency to brandish a firearm and threaten people. Therefore, even if Mr. Chavers were able to demonstrate extraordinary and compelling circumstances,

I would not find that his release is consistent with the § 3553(a) factors.

### III.   CONCLUSION

For the foregoing reasons, Mr. Chavers'motion for compassionate release [ECF

No. #75] is **DENIED.** The court **DIRECTS** the Clerk to send a copy of this Order to

the defendant and counsel, the United States Attorney, the United States Probation

Office, and the United States Marshal.

ENTER:      FEBRUARY 19, 2021

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE